Filed 10/2/23  P. v. Reyna CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO REYNA,<br><br>    Defendant and Appellant. | C097539<br><br>(Super. Ct. No. 16FE012775) |

In 2019, a jury found defendant Antonio Reyna guilty of first degree murder during the commission of a robbery or attempted robbery and found true that he had a prior 2007 robbery conviction; the jury also found defendant guilty of being a felon in possession of a firearm.  (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17), 29800, subd. (a)(1).)[1]  The trial court sentenced him to life without the possibility of parole for the

---

[1] Undesignated statutory references are to the Penal Code.

special circumstance murder and stayed the term for the possession offense. This court affirmed the judgment in an unpublished opinion in 2022. (*People v. Reyna* (Jan. 24, 2022, C090267) [nonpub. opn.].)

Defendant filed a petition for resentencing under former section 1170.95.[2] The trial court obtained briefing from counsel and held a prima facie hearing. The court denied the petition after finding defendant failed to make a sufficient prima facie showing because the record of conviction showed defendant was tried after the changes to the murder statutes and the jury was accurately instructed on murder liability based on the new law. Defendant appealed.

Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 that set forth the relevant procedural history of the case and asked this court to independently review the record and determine whether any arguable issues on appeal exist. Counsel also advised defendant that he had 30 days to file a supplemental brief and that failure to do so may result in dismissal of the appeal.

On July 10, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the

---

[2] The Legislature amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.; Stats. 2021, ch. 551.) Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)

appeal as abandoned.  More than 30 days have elapsed and we have received no communication from defendant.

We consider defendant's appeal abandoned and order it dismissed.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

**DISPOSITION**

The appeal is dismissed.

|  /s/  |
| --- |
| Duarte, J. |

We concur:

|  /s/  |
| --- |
| Hull, Acting P. J. |

|  /s/  |
| --- |
| Keithley, J.* |

---

*Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.